JAMES CREEGAN, Respondent, *v.* JAMES ROBERTSON, Appellant.

*A judgment creditor, as a purchaser in good faith — a sale without change of possession, void.*

A judgment creditor, who has obtained personal property of his judgment debtor by purchase at a sale under execution, stands in the same position as a purchaser in good faith.

Where personal property is purchased by one person from another, and there is no actual and continued change of possession, the sale is presumably void.

APPEAL by the defendant, James Robertson, from a judgment of the County Court of Orange county, entered in the office of the clerk of the county of Orange on the 9th day of December, 1892, upon a verdict directed by the court giving the plaintiff the possession of certain personal property, and also from an order made on the 7th day of December, 1892, directing such verdict.

This action was brought by James Creegan in the Justice's Court of the town of Deerpark and county of Orange, to replevy certain chattels alleged to have been taken from the possession of one James Hamilton by levy on the 30th day of August, 1892, by a deputy sheriff of Orange county, under and by virtue of an execution issued upon a judgment obtained by the defendant, James Robertson, and which chattels were sold September 8, 1892, under such execution and bought in by Robertson.

The plaintiff claimed the ownership of the chattels under two instruments, of which the following are copies:

"The agreement made February 23rd, 1892, between James Creegan, of Port Jervis, and James Hamilton, of the Town of Deerpark, Orange County, N. Y., as follows: James Creegan has left with James Hamilton six cows, two horses, one lumber wagon, two spring wagons, two sets of double harness, during his pleasure; for the use of said cows, horses, wagons, harness, &c., and I, James Hamilton, agrees to pay James Creegan Twenty Dollars a month, commencing February 23rd, 1892, to provide feed and take good care of all the above without any charge or expense to James Creegan, Hamilton to have the milk and butter only from said cows, and use the horses and wagons careful, Creegan to have the calves, if any; it is understood that when James Hamilton has fully paid James Creegan Two

Hundred and Eighty-Three Dollars, with interest over and above all charges James Creegan may have against him, that he, James Hamilton, becomes the owner of all the above; until then they remain the property of James Creegan, and he can take the same wheresoever they are without any charges or expenses whatsoever, and dispose of said property as he wish. Whatever notes I, James Hamilton, give James Creegan, was for his own accommodation only, and has or had nothing whatsoever to do with the payment of these or any other cows, horses, wagons, harness or any other property.

" JAMES HAMILTON.

" (Indorsed)

" JAMES HAMILTON

to

" JAMES CREEGAN.

" Dated February 23rd, 1892, in regard to six cows, two horses, three wagons, two sets harness."

" PORT JERVIS, N. Y., *April 4th*, 1891.

" BILL OF JAMES CREEGAN.

" $392.00 to pay for as follows: In full,

| | |
|---|---:|
| " One Bay Horse, known as the Gumaer Horse | $ 40.00 |
| " One Bay Mare, about 13 yrs. old | 35.00 |
| " One Chestnut Sorrel, 6 yrs. old | 100.00 |
| " One Brown Horse, 9 yrs. old | 50.00 |
| " Two Lumber Wagons, $12 each | 24.00 |
| " Two Spring Wagons, $10 each | 20.00 |
| " Two Double Sets of Harness, $10 each | 20.00 |
| " One Milch Cow, line back, 10 yrs. old | 16.00 |
| " One Milch Cow, black, 6 yrs. old | 20.00 |
| " One Milch Cow, red, 4 yrs. old | 20.00 |
| " One spotted Milch Cow, 5 yrs. old | 25.00 |
| " One white Milch Cow, 3 yrs. old | 17.00 |
| " One    "    "    "    "    " | 15.00 |
| | $392.00 |

" The above I sell said Creegan as my own personal property free and clear of all incumbrance whatsoever.

" JAMES HAMILTON.

"(Indorsed.) 3627, James Hamilton to James Creegan.  Bill of Sale.  Dated April 4th, 1891.  Filed August 8th, 1891, 4.50 p. m.

"GEO. E. HORNBECK,

"*Clerk.*"

Judgment was rendered in favor of the plaintiff, and the defendant appealed to the Orange County Court and demanded a new trial.

*Wilton & William S. Bennet,* for the appellant.

*C. E. Cuddeback,* for the respondent.

BARNARD, P. J.:

On the 8th of September, 1892, one James Hamilton had in his possession four cows and one spring wagon.  This property was taken from Hamilton's possession by virtue of an execution against him, and the plaintiff claims that the title to the property is in him, and he, in his action, seeks to recover the same from the defendant, who has them in his possession.  The plaintiff made a title to the property by a written paper between himself and Hamilton by which the plaintiff left the property with Hamilton, but providing that until the payment of $283 Creegan was to remain the owner. The property in question had been in the possession of Hamilton for two or three years, and the case shows that on the 4th of April, 1891, Hamilton sold to Creegan similar property.  Creegan says that he got this particular property in question of other parties, but this fact is wholly irreconcilable with the long previous possession of Hamilton.  The case was, therefore, one for the jury.  If the property in question came from Hamilton to Creegan, and there was no actual and continued change of possession, the sale is presumably void.  (3 R. S. [Banks' 7th ed.] 2328.)

The real transaction between the parties Creegan and Hamilton is not clear.  How the new agreement, so called, being the conditional sale paper, could supersede the bill of sale to Creegan, given April 4, 1891, is equally uncertain.  Part of the property covered by the bill of sale of April 4, 1891, had been sold back to Hamilton by Creegan, who had given a note to pay for it, and paid the note.  A judgment creditor stands as a purchaser in good faith from Hamilton.  If this property was bought by Creegan from Hamilton, and there was no change of possession and no explanation of that

fact, the sale is void as to creditors, and the defendant can hold the property. These questions can only be settled by a jury.

The judgment should be reversed and a new trial granted, costs to abide event.

PRATT, J., concurred.